■ In the Matter of the Construction of the Will of JOHN J. LARKIN, Deceased. MYRTLE V. LARKIN, Appellant-Respondent; JOHN V. LARKIN, JR., an Infant, by MANLEY THALER, His Special Guardian, Respondent.— Appeal from

a decree of the Surrogate's Court of Tompkins County which, in a proceeding for the construction of testator's will, held that the remainder interest of John V. Larkin in each of the trusts created by paragraphs "Third" and "Fourth" of the will was contingent upon his surviving the life beneficiary and that, upon her death subsequent to his, the share which he would otherwise have taken passed to his descendants rather than to those, including his widow, taking under his will. The gift of the remainder in the trust created by paragraph "Third" was in this language: "I give, devise and bequeath said residence property and the furnishings in the residence thereon, at the death of my said wife, Catherine E. Larkin, to my three sons, Leo P. Larkin, John V. Larkin and Edward F. Larkin, share and share alike." The remainder in the trust under paragraph "Fourth" was disposed of as follows: "At her death, my said trustees shall divide the securities and balance then remaining in their hands, as trustees, in the proportion of Twelve Thousand Five Hundred Dollars ($12,500.00) to John V. Larkin and Seven Thousand and Five Hundred Dollars to Leo P. Larkin." By paragraph "Fifth" business realty was devised to two of testator's sons; by paragraph "Sixth" certain residential property was devised to another son; under paragraph "Seventh" there was a gift of certain cottage property to one of the sons; and paragraph "Eighth" contains a devise of certain lots to all three sons. A charitable bequest is given by paragraph "Ninth". By paragraph "Tenth" testator gives all of his residuary estate "unto my sons equally." Paragraph "Eleventh", relied upon by respondent and the basis of the decision appealed from, provides: "In the event that any of my said sons should die leaving descendants, said descendants shall take the share of any such deceased son, per stirpes and not per capita." In our view, each of the trust paragraphs is a complete entity within the will and is intended to and does create a complete trust and is dispositive of the trust property without recourse to any other part of the will. Indeed, in the Surrogate's opinion it is said that if these two paragraphs "stood alone, under the well known rules having to do with vesting of future estates, these remainder interests would have been indefeasibly vested". We consider that they do stand alone and we find in the will no compelling reason for requiring, as did the Surrogate, that paragraph "Eleventh" be read with them. The construction at which we have arrived seems to be required, further, by the familiar canon of construction in favor of vesting, as well as by the rule that language providing for the contingency of the death of a legatee or beneficiary, in context such as here appears, is to be construed as referring to death in the lifetime of the testator, in the absence of language indicating a contrary intent. Further, if that is the meaning of paragraph "Eleventh" as respects the paragraphs immediately preceding it, as, of course, it must be, it follows that paragraph "Eleventh" could be applied additionally to the more remote trust paragraphs, and construed in accordance with respondent's contention, only by ascribing two meanings — respecting the time of the death contemplated — to the same language. Respondent's argument that paragraph "Eleventh" was intended to be applicable to the trust provisions as otherwise it would be surplusage by reason of the provisions of section 29 of the Decedent Estate Law seems to us refuted by the position of the paragraph, indicating clearly that, as respects the outright gifts to the sons, reliance was not placed solely on the provisions of section 29 and thus there was surplusage in any event. It is not unusual for draftsmen to employ the language in question if only in an excess of caution. Decree reversed, on the law and the facts, and construction directed in accordance with this memorandum decision, with costs to parties filing briefs payable from the estate. Bergan — P. J., Coon, Gibson, Herlihy and Reynolds. JJ., concur.